UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

John E. Star,                                                                    Case No. 09-77947-ast
                                                                                         Chapter 13
                                      Debtor.
----------------------------------------------------------X

## DECISION AND ORDER REGARDING DISGORGEMENT OF COUNSEL'S FEES

### Issue Before the Court

Pending before the Court is the issue of disgorgement of counsel's fees, and the manner by which counsel has communicated to this Court the nature of his representation of Debtor, John E. Star ("Debtor") and the payment he has received from Debtor.

### Procedural and Factual Background

On October 19, 2009, Debtor filed a pro se bankruptcy petition under Chapter 13 of the Bankruptcy Code. [dkt item 1]  On December 22, 2009, the Chapter 13 Trustee filed a Motion to Dismiss this case ("Motion to Dismiss"). [dkt item 12]  The Motion to Dismiss alleges, *inter alia*, as follows:

   2.   The Debtor has failed to comply with 11 U.S.C. Section 521(a)(1) and Bankruptcy Rule 1007(b)(1) and (6) in that the following required documents have not been filed:

        a)   Copies of all payment advices or other evidence of payment for last 60 days before the date of the filing of the petition by the Debtor from any employer of the Debtor pursuant to 11 U.S.C. Section 521(a)(1)(B)(iv)[;]

        b)   Copy of a federal income tax return or transcript for the most recent year, 7 days before first meeting of creditors pursuant to 11 U.S.C. Section 521(e)(2)(A)(i).

   3.   Furthermore, the Debtor has failed to:

        a)   file a Chapter 13 Plan, pursuant to by 11 U.S.C Section 1321 and Fed. R. Bankr. P. 3015(b)[;]

    b)  provide the trustee with disclosure documentation as required by E.D.N.Y LBR 2003-1(a).

[dkt item 12]  A hearing on the Motion to Dismiss was scheduled for March 11, 2010 (the "First Hearing").

  On  January 25, 2010, Edward J. Grossman, Esq. ("Counsel"), filed a Notice of Appearance as the retained counsel for Debtor. [dkt item 16]  On February 23, 2010, Counsel filed his mandatory Statement Pursuant to Local Bankruptcy Rule 2017-1 (the "2017 Statement").  The 2017 Statement provided, *inter alia*, that Counsel had met with Debtor on January 23 and 26, 2010, and represented that Counsel "will continue to represent the debtor at his creditors meeting, confirmation hearing and in motion practice[,]" and that his "usual rate of compensation for this type of matter is $ 3500.00 plus hourly fees for motion practice at [sic] The rate of $350.00 per hour[.]" [dkt item 18]

  On February 25, 2010, a hearing was held on a motion for relief from stay filed by America's Servicing Company, relating to one of debtor's properties located at 208 Newport Road, Uniondale, New York (the "Uniondale Property"). [dkt item 13]  Debtor did not file any opposition to the motion.[1]  However, the  creditor's attorney, Counsel, and Debtor appeared at the hearing and announced the matter had been settled by a conditional order.

  On March 11, 2010, Debtor and Counsel appeared at the First Hearing, along with the Chapter 13 Trustee.  The numerous deficiencies raised by the Motion to Dismiss were discussed.  At the conclusion of the First Hearing, this Court directed Debtor to, *inter alia*, file a plan and cure all filing deficiencies by March 18, 2010, directed Debtor to become current on required plan payments by March 18, 2010, and directed Debtor to appear and be examined by the Chapter 13 Trustee at an adjourned Section 341 meeting to be held on or before April 5, 2010.  The Court then adjourned the First Hearing on the Motion to Dismiss to April 8, 2010 (the "Second Hearing").

  Debtor did not comply with the Court's directives at the First Hearing in any respect, other than by filing a chapter 13 plan on March 16, 2010, which plan was deficient. [dkt item 21]

  On March 26, 2010, a conditional order granting stay relief as to the Uniondale Property was entered. [dkt item 22]

  On April 8, 2010, this Court conducted the Second Hearing on the Motion to Dismiss.  The Chapter 13 Trustee appeared, but both Debtor and Counsel failed to appear at the Second

---

[1] E.D.N.Y. LBR 9006-1(a)(ii) requires that answering papers be served so as to be received not later than 7 days before the hearing date.

Hearing. Apparently in lieu of appearing, on April 8, 2010, Counsel filed a Motion to Withdraw as Attorney ("Motion to Withdraw") [dkt item 23], and self-selected a hearing date of April 20, 2010. The April 20 hearing date was vacated, as such a hearing date failed to provide sufficient notice.[2]

Based upon Debtor's failure to comply with his obligations as a chapter 13 debtor, and his failure to comply with this Court's directives made at the conclusion of the First Hearing, this Court found cause at the Second Hearing to grant the Motion to Dismiss. Further, because this Court has not entered an Order relieving Counsel of his obligations to represent Debtor, this Court entered an Order on April 9, 2010, which, *inter alia*, directed that Counsel file and serve a disclosure of all compensation received from Debtor and fee statements related to his retention and services rendered as Counsel for the Debtor, such items to be filed by May 3, 2010 (the "April 9 Order"). [dkt item 24] The April 9 Order set a deadline for any objections to the fee statements to be filed by May 17, 2010. The April 9 Order further provided that "Counsel's failure to comply with the Order may result in appropriate sanctions by the Court."

On April 22, 2010, a motion for relief from stay was filed by IServe Servicing, Inc. as servicer for National Asset Direct Acquisition, LLC, related to property located at 230-232 North 7th Avenue a.k.a. 230 North 7th Ave, Mount Vernon, NY 10550 (the "Mount Vernon Property"). [dkt item 27] A hearing on that Motion was scheduled for May 20, 2010.

Counsel failed to comply with the April 9 Order by not filing any fee statements or further disclosure of compensation by the May 3 deadline. Based thereon, this Court determined that Counsel had not provided any services of any benefit, necessity or value to Debtor. On May 14, 2010, this Court issued an Order that provided, *inter alia*, as follows:

> **ORDERED**, that Counsel shall disgorge to Debtor all fees paid to Counsel by Debtor in connection with this bankruptcy case, such payment to be made within **twenty (20) days** of entry of this Order, further, Counsel shall file an affidavit or affirmation of compliance with this Order within **thirty (30) days** of entry of this Order

(the "May 14 Order") (emphasis in original). [dkt item 32] The May 14 Order further provided that,"upon compliance with the [May 14 Order], Counsel's Motion to Withdraw will be granted."

On May 11, 2010, Counsel filed a letter of agreed adjournment as to the Mount Vernon Property lift stay motion, stating as follows:

---

[2] E.D.N.Y. LBR 9006-1(a)(i) requires that all motion papers be served at least 14 days before the hearing date.

>Please adjourn both my motion to be relieved, and Mr. Baum's lift-stay motion both currently scheduled for May 20, 2010.

[dkt item 29] Based thereon, all matters scheduled for May 20 were adjourned to June 24, 2010.

On June 10, 2010, Counsel filed a letter in response to the Court's May 14 Order, wherein, *inter alia*, Counsel states that he "did not take any legal fees fro [sic] the bankruptcy from Mr. Star." [dkt item 35] Counsel's June 10, 2010, letter was inconsistent with Counsel's 2017 Statement, inconsistent with Debtor's representation to this Court at the First Hearing on March 11, 2010 that he paid Counsel $3,000.00, and inconsistent with Debtor's representation to the Chapter 13 Trustee that he paid Counsel $3,000.00 and had a receipt for such payment. [March 11, 2010 Hr'g Tr. at 2:31:40-55]

Therefore, on June 17, 2010, this Court entered an Amended Order Directing Debtor's Counsel to Disgorge Fees (the "June 17 Order"), which further adjourned the Motion to Dismiss to July 8, 2010, and directed both Debtor and Counsel to appear at such hearing and show cause why Counsel should not be required to comply with this Court's May 14 Order, why this case should not be dismissed, and why additional sanctions may not be appropriate. [dkt item 37] The Clerk of the Court served a copy of the June 17 Order upon Debtor, Counsel, the Chapter 13 Trustee, and the Office of the United States Trustee.[3]

Neither Debtor nor Counsel appeared at the June 20 hearing on the Mount Vernon Property lift stay motion. On July 1, 2010, an Order was entered granting the Mount Vernon Property lift stay motion. [dkt item 39]

Counsel, but not Debtor, appeared at the July 8 hearing. Counsel was questioned by the Court about his representation that he "did not take any legal fees fro [sic] the bankruptcy from Mr. Star." Counsel stated that he had performed services for Debtor in matters unrelated to this bankruptcy case, and that was what Debtor had paid him for. As a result of such hearing, this Court Ordered Counsel, again, to file a fee statement, this time by July 28, 2010, specifically describing what services he has rendered to Debtor and what payments he had received.

On July 29, 2010, Counsel filed his fee statement (the "Fee Statement"). [dkt item 42] The Fee Statement lists services rendered between January 21, 2010, and July 8, 2010, totaling 45.50 hours, at a rate of $350.00 per hour, for a total charge of $15,925.00. Counsel deducted a $2,000.00 payment he represented he had been paid by Debtor, and stated a balance due of $13,925.00.

---

[3] The prior Orders referenced herein were similarly served by the Clerk of Court.

**Analysis**

*A.    Counsel Is Not Entitled to Any Compensation in Connection with This Case*

As noted in prior Orders issued in this case, Section 330(a)(4)(B) of the Bankruptcy Code governs compensation of a chapter 13 debtor's attorney, and provides as follows:

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B); the "other factors" referenced in Section 330(a)(4)(B) are set forth in Section 330(a)(3), which provides:

> In determining the amount of reasonable compensation to be awarded the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including -
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed.
> (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3); *see also In re Bailey,* No. 08-73915, 2009 WL 2167736 (Bankr. E.D.N.Y. July 2009); *In re Herbert*, No. 04-86487, 2009 WL 1941978 (Bankr. E.D.N.Y. July 2009); *Anderson v. Am. Int'l Mortgage Bankers, Inc.(In re Anderson)*, 362 B.R. 575 (Bankr. E.D.N.Y. 2007)(addressing chapter 13 attorneys fees under the Bankruptcy Code).

Further, E.D.N.Y. LBR 2090-2 requires, *inter alia*, that the attorney of record for a debtor "shall appear on behalf of the debtor in every aspect of the case, including, but not limited to . . . defending an adversary proceeding, contested matter, motion, or application filed against the debtor during the pendency of the case."  In addition, E.D.N.Y. LBR

- 5 -

2090-2(e) provides, *inter alia*, that an attorney of record who fails or refuses without reasonable excuse to represent the debtor in defending an adversary proceeding, contested matter, motion or application filed against the debtor, may, after notice and a hearing, be sanctioned and ordered to disgorge fees paid in connection with the case, pursuant to Bankruptcy Rule 2017.

Counsel has failed to adequately represent his client in this case. He was hired and agreed to assist Debtor through this chapter 13 process. However, rather than file any papers between the First Hearing and the Second Hearing to aid the Debtor in becoming compliant with his duties as a chapter 13 debtor, Counsel chose instead to file a deficient plan, a Motion to Withdraw, and then not attend the Second Hearing on the Motion to Dismiss. Counsel failed to comply with his obligations under E.D.N.Y. LBR 2090-2 by failing to attend the Second Hearing on April 8, 2010. Filing a Motion to Withdraw on the day of the scheduled hearing is not a substitute for representing a client and attending a scheduled hearing. Counsel also failed to file any opposition to either lift stay motion, and failed to attend the June 20 hearing on the Mount Vernon Property lift stay motion after asking for and receiving an adjournment of the May 20 hearing date on that motion.

Counsel also failed to comply with this Court's April 9 Order by failing to file fee statements after being ordered to do so. Because Counsel failed to meet his burden of proof on demonstrating that he provided services of benefit and necessity to Debtor, and the reasonable value thereof, this Court determined that Counsel had not provided any services of any benefit, necessity, or value to Debtor. Therefore, this Court entered the May 14 Order which, *inter alia*, Ordered that Counsel disgorge to Debtor all fees paid to Counsel by Debtor in connection with this bankruptcy case.

Counsel has not requested this Court reconsider the May 14 Order. Thus, the present issue is not whether disgorgement is or was appropriate; the first issue is determining what fees Counsel received for representing the interests of the Debtor in connection with this bankruptcy case as contemplated by Section 330(a)(4)(B) of the Bankruptcy Code and Rule 2017 of the Federal Rules of Bankruptcy Procedure.

B.  *Counsel Billed Debtor in Excess of $2,000.00 for Services Rendered in Connection with This Case*

Counsel attempted at the July 8 hearing to argue that the monies he received from Debtor were unrelated to this bankruptcy case. All of the services he orally described related to pending litigation against Debtor, reviewing Debtor's pro se schedules to address creditors who were not scheduled, and working on a potential modification of a mortgage. However, these services are all related to this case. All of the litigation Counsel described was stayed, and Counsel charged Debtor for 1.5 hours on February 22, 2010, for a letter "regarding Section 362 and Automatic stay barring his law suit and discussions with client." [dkt item

42]. As for reviewing Debtor's pro se schedules to address creditors who were not scheduled, Counsel could have filed and given notice of amended schedules, as contemplated by Rule 1009 of the Federal Rules of Bankruptcy Procedure and E.D.N.Y. LBR 1009-1. As for working on a mortgage modification, both the mortgage and any such modification would have needed to be made the subject of a chapter 13 plan.

Further numerous examples can be found in Counsel's Fee Statement of services which are clearly and unquestionably for representing the interests of Debtor in connection with this bankruptcy case. For example, Counsel charged 3.50 hours on January 21, 2010, for reviewing Debtor's bankruptcy petition and schedules, and papers related to a lift stay motion. On January 28, 2010, Counsel billed Debtor for 1.0 hour for attending Debtor's Section 341 meeting. On February 22, 2010, Counsel billed for 1.5 hours for sending a letter regarding the automatic stay. On February 23, 2010, Counsel billed Debtor for 1.50 hours for attending Debtor's adjourned Section 341 meeting. [dkt item 42]

Thus, all of the services Counsel orally described, and all of those set out in his Fee Statement, were directly or indirectly in connection with this bankruptcy case as contemplated by Section 330(b) of the Bankruptcy Code.[4] Counsel's assertion that the $2,000.00 he was paid was for work unrelated to this case is simply untenable.

Thus, the entire $2,000.00 Debtor paid was not earned by Counsel.

C.  *This Court Has the Inherent Authority to Regulate the Conduct of Attorneys Who Appear and Practice Before It*

This Court has the inherent authority to regulate the conduct of attorneys who appear and practice before it. *See In re MPM Enters., Inc*. 231 B.R. 500, 503-04 (E.D.N.Y. 1999) (stating, *inter alia*, that "this Court is of the view that the Bankruptcy Court has the power to permanently bar an attorney from appearing in any Bankruptcy Court in the Eastern District."); *In re Dickerson*, No. 08-33071, 2009 WL 4666457, *9 (Bankr. N.D.N.Y. 2009) (stating "bankruptcy courts have the inherent authority to regulate attorney practice before the court"); *In re Chase*, 372 B.R. 142, 154 (Bankr. S.D.N.Y. 2007).

As noted in *Dickerson*, new Rules of Professional Conduct governing the practice of law in New York became effective as of April 1, 2009. These Rules include:

Rule 1.1: COMPETENCE

---

[4] This Court also notes that many of the services charged in the Fee Statement are for Counsel responding to this Court's Orders directing compliance by him with his obligations, which should not be charged to his client.

- 7 -

> (a) A lawyer should provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.
> (b) A lawyer shall not handle a legal matter that the lawyer knows or should know that the lawyer is not competent to handle, without associating with a lawyer who is competent to handle it.
> (c) [A] lawyer shall not intentionally:
> (1) fail to seek the objectives of the client through reasonably available means permitted by law and these Rules; or
> (2) prejudice or damage the client during the course of the representation except as permitted or required by these Rules.
>
> Rule 1.3: DILIGENCE
> (a) A lawyer shall act with reasonable diligence and promptness in representing a client.
> (b) A lawyer shall not neglect a legal matter entrusted to the lawyer.
> (c) A lawyer shall not intentionally fail to carry out a contract of employment entered into with a client for professional services, but the lawyer may withdraw as permitted under these Rules.

N.Y. R. PROF'L CONDUCT 1.1, 1.3; *see also In re Dickerson*, No. 08-33071, 2009 WL 4666457 at *10 n.9.

Moreover, honesty and candor with a tribunal is of paramount importance, and should not be overlooked in fashioning an appropriate remedy. *See* N.Y. R. PROF'L CONDUCT 13.3.

In light of Counsel's handling of this matter and his mis-statements to this Court as to the nature of his representation, the final question is the proper remedy to be fashioned. The need for an appropriate remedy requires this Court to balance Counsel's conduct with Debtor's own failures to comply with his obligations as a chapter 13 debtor, and Debtor's failure to attend hearings when ordered to do so by this Court. These considerations also need to factor in the status of Counsel as an attorney who regularly appears before this Court and regularly represents consumer debtors (i.e., debtors in cases filed under chapter 7 or chapter 13 of the Bankruptcy Code).

Rule 2017(b) of the Federal Rules of Bankruptcy Procedure expressly speaks to a court determining if a fee paid is excessive, but does not limit the Court's authority to a remedy of disgorgement. New York State requires that attorneys complete twenty-four hours of continuing legal education ("CLE") every two years in order to maintain their privilege to practice law in New York. The Rules of Professional Conduct in effect in New York

expressly require an attorney to provide competent and diligent representation to a client, and this Court expects no less.

Thus, this Court has determined that an appropriate remedy is to preclude Counsel from collecting any fees from Debtor for services provided in this calendar year, and for Counsel to expend the $2,000.00 he received from Debtor but did not earn on enhancing his knowledge of bankruptcy law, rules, and ethics.

Based thereon, it is hereby

ORDERED, as follows:

1. Counsel shall not charge Debtor for any legal services provided during calendar year 2010;

2. Counsel shall, within ninety (90) days from entry of this Order, attend a course or courses addressing consumer bankruptcy topics which provides no less than twelve (12) hours of CLE credit, and which includes no less than two (2) hours of legal ethics;

3. Counsel shall use the entirety of the $2,000.00 he was paid by Debtor to pay for the tuition or registration costs of such CLE course or courses; and

4. Counsel shall file an affidavit or affirmation of compliance with this Order within thirty (30) days after attendance of the CLE course or courses, including the name of the sponsoring person(s) or entity(-ies), and the place(s) and date(s) of course attendance, along with copies of his certificates of attendance/completion.



Dated: August 13, 2010
Central Islip, New York

_____
**Alan S. Trust**
**United States Bankruptcy Judge**